UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD J. CHAIT,

      Plaintiff,

v.

Case No: 2:17-cv-222-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff Todd J. Chait seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner"). In a decision dated February 25, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 31, 2010, the amended alleged onset date, through December 31, 2013, the date last insured. Tr. 18–31. The Court has reviewed the record, the joint memorandum and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).[1]

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 12, 14.

I.   Issues on Appeal[2]

Plaintiff raises three issues on appeal: (1) whether the ALJ properly assessed the disability finding of the Department of Veterans Affairs ("VA"); (2) whether the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") as to his mental impairments is supported by substantial evidence; and (3) whether substantial evidence supports the ALJ's findings regarding Plaintiff's credibility.

II.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[3] Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

---

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[3] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c, 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *cf. Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### III. Discussion

#### A. VA Rating

Plaintiff first argues the ALJ erred by assigning little weight to the 100% service-connected VA disability rating. Doc. 15 at 12-14. Plaintiff contends the ALJ did not consider Plaintiff's total disability award based on his inability to follow a substantially gainful occupation under 38 C.F.R. § 4.16, and instead erroneously only considered the schedule percentage ratings assigned by the VA. *Id.* at 12. Plaintiff further argues the ALJ's finding that the VA rating decision is inconsistent[4]

---

[4] Plaintiff used the word "consistent," but the Court assumes this was a typographical

with other evidence is overly vague. *Id.* at 13. The Commissioner responds that the ALJ carefully considered the VA's disability rating, including his entitlement to individual unemployability and gave the VA rating little weight. *Id.* at 14-15. She contends the ALJ articulated the reasoning for doing so, based not only on the VA's use of a different standard but also because the disability determination is reserved to the Commissioner and the VA rating decision was specifically inconsistent with objective medical evidence and opinions in the record. *Id.* at 15-17. The Commissioner argues the ALJ does not have to specifically refer to every piece of evidence but did consider all the VA records and the disability decisions even if the ALJ did not mention every determination contained within the VA rating decision. *Id.* at 18-19.

In the decision dated July 22, 2011, the VA certified that Plaintiff is an "honorably discharged veteran of the Navy and has service-connected disability evaluated at 100 percent." Tr. 777-78. The report was an update of one provided in December 2010 based on Plaintiff's new claim filed on February 8, 2011. Tr. 778. The rating included a 50% rating for panic disorder with agoraphobia and a 10% rating for degenerative disc disease. *Id.* The decision discussed the relevant medical records for each of these evaluations. Tr. 779-81. With respect to the reasons for the VA rating of 50% for panic disorder, the impairment at issue here, the decision discussed the medical evidence and records. Tr. 779-80. It noted there was no mention of panic disorder with agoraphobia in the medical evidence received from Florida Heart Associates. Tr. 779. Further, it stated that a review of records at VA

---

error and intended to state "inconsistent." *See* Doc. 15 at 13, Tr. 27.

medical facilities in Plaintiff's geographical area showed Plaintiff had not sought treatment at any of them. *Id.* The report discussed a February 22, 2011 record from Bay Pines VA Medical Center in which Plaintiff reported recurrent panic attacks lasting between one and fifteen minutes three times weekly and his persistent worry about having them. *Id.* The examiner noted Plaintiff was clean, neatly groomed, appropriately dressed, friendly, relaxed and attentive. *Id.* Plaintiff's speech and thought process were unremarkable, his affect was normal and his mood was anxious. *Id.* Plaintiff was not delusional, had good impulse control and no episodes of violence. *Id.* The examiner noted Plaintiff was able to manage his financial affairs. *Id.* He assessed Plaintiff with a Global Assessment of Function[5] ("GAF") of 56.[6] *Id.* Based on these records, the VA gave Plaintiff a 50% disability rating for his service-connected panic disorder with agoraphobia based on "occupational and social impairment with reduced reliability and productivity (as shown upon examination), difficulty in establishing and maintaining effective work and social relationships and panic attacks more than once a week." *Id.*

The ALJ discussed the VA ratings and the weight given in her RFC determination:

> The record includes a Rating Decision[] from the Department of Veterans Affairs dated February 9, 2011[7] that the claimant has service-

---

[5] Global Assessment of Function ("GAF") is a numeric scale (0 through 100) mental clinicians use to rate social, occupational and psychological functioning. *See* American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders, 33 (4th ed. 1994) ("DSM IV").

[6] A GAF score of 51 to 60 indicates moderate symptoms or moderate impairment in social, occupational or school functioning. DSM IV.

[7] The VA rating decision to which the ALJ refers is actually dated July 22, 2011. Tr.

- 5 -

connected disability evaluated at 100 percent (Ex. 5F at 2). The record also contains another Rating Decision, with disability at 50% due to panic disorder, 50% due to sleep apnea, 10% due to tinnitus, and 10% due to degenerative arthritis (Ex. 23F at 41).[8] I note that the standards used by the Department of Veterans Affairs in determining disability are completely different that [sic] those used by the Social Security Administration; therefore, I am not bound by the findings set forth in the claimant's Rating Decision (20 CFR 404.1504 and 416.904; SSR 06-03p). Furthermore, I note that an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance; however, such opinions should still be considered in the assessment of the claimant's residual functional capacity (20 CFR 404.1527(e) and 416.927(e); SSR 96-5p). With this in mind, *I have fully considered the findings contained within the Rating Decision, including the determination of the claimant's disability rating.* However, I gave little weight to such determination due to its inconsistency with the objective medical evidence and the other opinion evidence of record, which rely on standards used by the Social Security Administration.

Tr. 27 (emphasis added). The ALJ continued to discuss specific medical records from the VA and other medical providers and experts in her RFC analysis, including the records considered by the VA. Tr. 25, 27-29, 642.

Generally, when reaching a decision, an ALJ is required to state with specificity the weight he affords each item of evidence and why. *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). The Social Security regulations provide that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner because it is not based on social security law. 20 C.F.R. §§ 404.1504, 416.904; *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 940 (11th Cir. 2011). The

---

778.

[8] As noted by the Commissioner, this second VA rating decision is not raised by Plaintiff, and thus he has abandoned any argument concerning it. Doc. 15 at 14 n.6.

Social Security Rulings, however, explain that such decisions and the evidence used to make them cannot be ignored, as they may provide insight into the claimant's impairments:

> [E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) . . . .

SSR 06-3p, 2006 WL 2329939, at *6-7. The law in this circuit supports this proposition, and the Eleventh Circuit also has held that the VA's disability rating is evidence that should be considered and given great weight. *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (quoting *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981)); *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)[9] (noting that while a VA rating is "certainly not binding on the Secretary, [] it is evidence that should be considered and is entitled to great weight"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."). However, "if the other agency's standard for determining disability deviates substantially from the Commissioner's standard, [it is not] error for the ALJ to give the agency's finding less than substantial weight." *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015).

---

[9] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Here, while the ALJ considered and scrutinized the VA's rating decision in determining to give it little weight and also considered the evidence on which the VA based its rating determination, Tr. 25, 27, she did not mention the VA's decision that Plaintiff was unemployable. Upon review of the record, the Court determined that at least one page was missing from the July 22, 2011 VA decision. Tr. 778–82.[10] The first and second pages list five paragraphs of the VA's decision, but the pages that should have contained the reasoning for findings four and five are missing. *Id.* Because paragraph four is the VA's finding that Plaintiff's "[e]ntitlement to individual unemployability is granted effective December 31, 2010," Tr. 779, the Court cannot assume the ALJ realized pages were missing or attempt to guess what the ALJ would have found if the record had been complete.

It is well established that "[t]he ALJ has a basic duty to develop a full and fair record." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (*per curiam*)); *Ellison*, 355 F.3d at 1276; *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (stating the ALJ has an affirmative duty to develop the record fully and fairly). The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). "This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart*, 662 F.2d at 735 (citing *Thorne v. Califano*, 607

---

[10] One page of the decision as presented in the record is a duplicate. Tr. 779, 782.

F.2d 218, 219 (8th Cir. 1979) and *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981)).

Thus, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Cowart*, 662 F.2d at 735 (internal quotation marks omitted). Likewise, "[w]here there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings." *Cronin*, 2012 WL 3984703, at *6 (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993)). Accordingly, other courts have found remand appropriate when the ALJ did not fully develop the record relevant to the VA's disability rating. *Cronin*, 2012 WL 3984703, at *6-*7 (finding an error when the ALJ did not note the VA's disability rating and dismissed the other rating without obtaining the VA records); *Alcalde v. Comm'r of Soc. Sec.*, No. 2:15-cv-575-FtM-MRM, 2016 WL 4889988, at *6 (M.D. Fla. Sept. 15, 2016) (holding that the ALJ erred by according little weight to the VA's disability decision for the lack of medical evidence and reasoning without fully developing the record); *Mallory v. Comm'r of Soc. Sec.*, No. 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, at *4 (M.D. Fla. Dec. 9, 2015) (finding remand appropriate because the ALJ did not attempt to obtain the VA's disability determination, although the record referenced the VA's decision).

Here, part of the VA's decision itself was missing from the record. It is unclear whether the ALJ noticed the omission, as neither party addressed it before the Court. Regardless, without a full VA decision in the record, the Court cannot even determine whether the ALJ reviewed the reasoning for the unemployability finding. It therefore cannot determine whether substantial evidence would support discounting the VA

decision altogether for the same reason the ALJ gave the rest of the VA decision little weight. Prior to determining the weight of the VA's disability rating, the ALJ had a duty to develop the record and obtain the necessary documents from the VA. *Cowart*, 662 F.2d at 735; *Cronin*, 2012 WL 3984703, at *6-*7; *Alcalde*, 2016 WL 4889988, at *6; *Mallory*, 2015 WL 8321898, at *4. Because the ALJ failed to carefully review the VA rating decision, determine the record was incomplete, and obtain the missing page(s), the ALJ failed her duty to develop the record.

The Eleventh Circuit has held that "[i]n evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (internal citation and quotation marks omitted)). Although *Brown* and *Smith* each involved a claimant that was not represented by counsel, this circuit also has held that an ALJ's obligation to develop a full and fair record extends to cases such as this where the claimant was represented by counsel at the administrative level. *See Cowart,* 662 F.2d at 735. With the evidentiary gaps here, the Court simply cannot review whether substantial evidence supports the ALJ's decision as to the VA rating. The Court therefore concludes that remand is warranted here. On remand, Plaintiff shall be allowed to supplement the record before the ALJ with the complete VA rating decision.

### B. *Plaintiff's Mental RFC and Credibility*

Plaintiff next argues the ALJ's RFC and credibility assessments as to Plaintiff's mental impairments are not supported by substantial evidence. Doc. 15 at 19-21, 24-26. Because this case must be remanded to obtain and consider records

from the VA as to Plaintiff's disability rating, the Court will direct the ALJ to re-evaluate Plaintiff's mental impairments and credibility.

## IV. Conclusion

Upon review of the record, the undersigned concludes that for the reasons cited in this Opinion and Order, the ALJ erred by not fully developing the record to include the complete VA rating decision.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

   A. Obtain and review the records from the Department of Veterans Affairs that relate to Plaintiff's disability rating and consider those records in conjunction with all of Plaintiff's medical records and Plaintiff's testimony, and determine the weight to be given to such evidence and the reasons therefor; and

   B. Make any other determinations consistent with this Opinion and Order, or in the interests of justice.

2. The Clerk of Court is directed to enter judgment in favor Plaintiff Todd J. Chait and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record